WALTER CARTER *et al.*, Executors, &c. of Henry A. Kerr,
    Deceased, Respondents, *against* ALMIRA E. HOLAHAN,
    Impleaded, &c, Appellant.

(Decided June 5th, 1882.)

Certain real estate, the fee of which was owned by H., and in which H.'s
    mother had a dower interest, was mortgaged by both to secure the pay-
    ment of their bond. Afterwards, in pursuance of a plan to extinguish
    the dower right, H. conveyed one undivided half of the premises to D.,
    and D. brought an action for partition, in which the property was sold,
    and D. became the purchaser; but the money to pay D.'s bid, being the
    amount necessary to meet the expenses of partition, taxes, &c., was
    advanced by K. D. received a referee's deed of the property, subject to
    the mortgage, and subsequently conveyed to K., by a deed by which the
    payment of the mortgage was assumed by K. Upon the death of K.,
    the property descended to H., as his heir at law; and K.'s executors,
    having purchased the bond and mortgage with funds of his estate, and
    taken an assignment of it, brought suit to foreclose the mortgage. *Held*,
    that K. was under no legal obligation to H. to pay the mortgage, and
    that therefore the assignment of it to K.'s executors did not work a pay-
    ment of it.
At the trial, receipts for moneys paid by H. to K. were offered in evidence
    by the former, but were not connected with the transaction, either by
    their tenor or by evidence. *Held*, that they were properly excluded.

APPEAL from a judgment of this court entered upon
the report of a referee.

The action was brought to foreclose a mortgage of cer-
tain premises in the City of New York. In August, 1871,
the defendant Almira E. Holahan was the owner in fee of
the premises, and then gave the mortgage in suit. The
realty was subject to the dower interest of her mother,
Susan Lyons, who joined in the mortgage. In pursuance
of a plan to extinguish the dower, Almira E. Holahan
conveyed one undivided half of the premises to John J.
Drake, for the sole purpose of enabling him to bring an
action of partition. This action was brought by her attor-
neys in Drake's name, and Drake bid in the premises on
the sale. In furtherance of the scheme the plaintiff's tes-

tator, Henry A. Kerr, advanced the money for costs, taxes and other expenses, which constituted the sum bid. Drake received a referee's deed, subject to the mortgage, and subsequently conveyed to Kerr, who assumed payment of the incumbrance. The title so received was in Kerr at the time of his death, December, 1876. The defendant, as to these premises, was Kerr's heir at law. The plaintiffs bought the bond and mortgage with funds of Kerr's estate, and brought this action to foreclose the mortgage. Judgment of foreclosure and sale was rendered, and from the judgment the defendant Almira E. Holahan appealed.

*B. F. Watson*, for appellant.

*George De Forest Lord*, for respondents.

BEACH, J.—There is no principle of law authorizing a reversal of this judgment. Had the appellant and Drake and Kerr acted independently in the transaction, the promise by Kerr, in the deed from Drake to him, would not inure to the benefit of the appellant. Had his assumption of the mortgage resulted from a decrease in the purchase price allowed him, he would have been the principal debtor, and Drake his surety, with the right to look to him for any deficiency, after a sale of the mortgaged premises. But this promise was one with which the appellant had no privity. It was not made for her benefit, and although its performance would be beneficial to her, still she was a mere volunteer, without legal right to enforce (*Comstock v. Drohan*, 71 N. Y. 9; 8 Hun, Ct. 373, and cases there cited). There was confessedly no consideration for the conveyance from Drake to Kerr, and it may be doubtful whether or not the former could for that reason rely upon the promise contained in the deed.

It is apparent from the proofs that the whole proceeding was for the purpose of benefiting the appellant by extinguishing the dower right. Drake was in no legal sense her agent, but simply an actor in the scheme from a necessity

for some one to receive the title. He was called in to aid in accomplishing the object, lending therefor his name, and assuming some trouble, presumably from friendly relationship to the appellant's attorneys. But in that case he could not well be asked to advance needed funds. There were expenses of the partition suit and taxes, and to meet these the decedent gave his assistance. His position was similar to Drake's, simply an aid to effect the desired end. He furnished the money, Drake bid in the property, and deeded to him. This did not change his relation to the appellant in any way. So far as the record shows, the plan 'would have failed, but for his friendly actions, and it would be an injustice to permit a favor to be turned into an assumption of liability without consideration or benefit received. I am unable to imagine any different result, than if Kerr had bid in the premises at the partition sale. He would then have held the title as trustee for the appellant, bound to convey to her, upon payment of his advancement, and he did so by virtue of what did occur. He was under no legal obligation to the appellant to pay the mortgage, and its assignment to the executors of his estate did not therefore work a payment.

The exception to the rejection of the receipts is not well taken. Neither by evidence nor their tenor were they connected with the mortgage. When these moneys were paid, Kerr did not own the mortgage, and no facts appear warranting the faintest belief of the payments having been in any way connected with this transaction.

The referee's refusal to find as desired by the defendant's counsel was in each instance correct. The requests were founded upon an assumed agreement between the appellant and the decedent, of which there is no proof. The evidence tends strongly to show that Kerr came into the arrangement on the request of the appellant's then attorneys, solely to furnish money to carry out the plan.

The exceptions at folios 183, 190 and 191 cannot be sustained. The questions called for the consideration of the deed from the defendant to Drake. With that the plain-

tiff's testator had nothing to do, and the evidence was not relevant to the issue. The other rulings of the referee were correct.

The judgment should be affirmed with costs.

VAN BRUNT, J., concurred.

Judgment affirmed, with costs.*

---

* The judgment entered upon this decision was affirmed by the Court of Appeals, June 5th, 1883 (see 92 N. Y., 498)