*173
 
 Welles, J.
 

 It is a general principle, that where the owner of land mortgages it to secure the payment of a debt, and afterwards sells the equity of redemption, subject to the lien of the mortgage, and the purchaser assumes the payment of the ^mortgage, as a portion of the purchase-money, the latter be- *- comes personally liable for the payment of the debt o‘ the former, to the holder of the mortgage, in the firs* instance; and if the mortgagor be compelled to pay it, he can recover it from the purchaser of the equity of redemption. In such case, the mortgagor and purchaser stand in the relation of principal and surety, the latter as security for the former, to the extent of the mortgage-debt
 
 (Halsey
 
 v.
 
 Reed,
 
 9 Paige
 
 446; Marsh
 
 v.
 
 Pike,
 
 10 Id. 595-97;
 
 Cornell
 
 v.
 
 Prescott,
 
 2 Barb. 16;
 
 Blyer
 
 v.
 
 Monholland,
 
 2 Sand. Ch. 478;
 
 Ferris
 
 v.
 
 Crawford,
 
 2 Denio 595); and where the mortgagor sells and conveys the equity of redemption of a part of the premises mortgaged, subject to the mortgage, and the purchaser retains enough of the purchase-money to satisfy the mortgage, and agrees to pay it, the same rule prevails, and the premises so sold are primarily chargeable with the payment of the mortgage.
 
 (Halsey
 
 v.
 
 Reed, supra.)
 

 In the present case, after the execution and delivery of the mortgage to the Trust company, Neely, the mortgagor, conveyed a portion of the premises to Burnett, by deed bearing date 13th April 1836, for the consideration of $4000, containing the following
 
 habendum
 
 clause: “ To have and to hold the above-granted, bargained and described premises, with the appurtenances, unto the said party of the second part, his heirs and assigns, to his and their own proper use, benefit and behoof for ever, subject, nevertheless, to a certain mortgage for seven hundred and fifty dollars, on the said premises, held by the New York Life Insurance and Trust Company, which the said party of the second part agrees and undertakes to pay, he having retained so much of the purchase-
 
 *174
 
 money agreed to be paid for the premises hereby conveyed, in his own hands, for that purpose.” After the execution and delivery of that deed, Burnett, according to the foregoing principles, became the principal debtor to the Trust company, and the portion of the mortgaged premises purchased by him of Neely, was thereafter primarily chargeable with the payment of that mortgage.
 

 After these transactions, while Neely owned the mortgage *taken by him from Burnett upon the por175 ] tion of the premises sold him, for the balance of the purchase-money, and while Burnett owned the same premises, Neely conveyed two other portions or parcels of the premises mortgaged to the Trust company, the title to which, by subsequent mesne conveyances, has become vested in the defendant Pistor. After Neely had conveyed these two other portions, it was not in his power to disturb the equities which existed in favor of the owners thereof. He conveyed all the rights which he possessed in relation to them; one of which was, to have the Trust company’s mortgage satisfied out of the portion sold to Burnett, so far as they would go, and another was, to hold Burnett the principal debtor,
 
 quoad
 
 the mortgage-debt to the Trust company. Neely’s grantees of other portions of the premises were not divested of those or any other rights, by his subsequent assignment of the Burnett mortgage to the plaintiff, containing the covenant that the premises covered by it were free and clear of incumbrances. It was
 
 res inter alios acta,
 
 and incapable of affecting equities which had previously attached in favor of parties unconnected with the transaction.
 

 After the plaintiff, in 1841, had foreclosed the Burnett mortgage, and become the purchaser at the sale of the mortgage premises, he succeeded to the rights of Burnett, was the owner of the premises embraced in that mortgage, and held them, as Burnett had done, subject to the lien of the Trust company’s mortgage, with no other
 
 *175
 
 rights than Burnett had possessed, excepting the right to require Neely to remove the incumbrance of the Trust company’s mortgage; but with none whatever in reference to Pistor or his grantors — with respect to them, the premises purchased by him remained chargeable with the payment of the whole of that incumbrance, and liable to be first sold to satisfy it. His purchase of it, afterwards, and the assignment of it to him by the Trust company, effected its entire extinguishment. He was left with only his personal claim upon Neely, under the covenant in Neely’s assignment of the Burnett mortgage. This is plain and common equity; he was the purchaser of that portion of the premises mortgaged *to the' Trust company which had been devoted to L ' its payment, and which, if applied to that object, would have been ample, as is apparent from the amount he bid for it at the mortgage sale. It was his duty to remove the incumbrance, and if Pistor had been compelled to pay it off, in order to remove the cloud from his own title, equity would subrogate him to the rights of the Trust company and allow him to proceed and sell the premises contained in the Burnett mortgage, in the first instance, for the purpose of satisfying it.
 

 The judgment of the supreme court at general term should be affirmed, with costs.
 

 Decree affirmed.