SYLVESTER W. COMSTOCK, Respondent, v. HELEN E. DROHAN, Appellant.

A grantee, by taking a conveyance of land by its terms subject to a mortgage, which he assumes and agrees to pay, becomes bound to indemnify the grantor against his liability for the mortgage debt.

As between the parties, the land is the primary fund for the payment of the mortgage, and the grantor is entitled to have it so applied so that he may not be compelled to pay more than the deficiency arising on sale of the mortgaged premises.

Where, therefore, in an action to foreclose the mortgage — to which the grantor, but not the grantee, is made a party defendant — a judgment for a deficiency is recovered against the grantor, and paid by him, he is entitled to recover the same of the grantee, and the latter is not entitled to have the costs of foreclosure deducted from the recovery.

It is not necessary in such case, for the grantor to give the grantee notice of the foreclosure suit.

The provision of the statute (2 R. S., 191, § 155), prohibiting proceedings at law. without leave of the court, for the recovery of a debt secured by a mortgage, after a decree has been entered in an action to foreclose the mortgage, has no application in such case. Said provision applies only to the holder of the mortgage.

(Argued September 21, 1877; decided October 2, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order denying a motion for a new trial, and directing judgment on a verdict. (Reported below, 8 Hun, 373.)

This action was brought to recover an alleged deficiency arising upon the foreclosure of a mortgage.

The plaintiff owned a piece of land situated in the city of Brooklyn, incumbered by a mortgage, which he had become liable to pay. On the 28th of March, 1869, he sold and conveyed the land to the defendant, the deed containing the following clause: "Subject, nevertheless, to a certain mortgage made by Mary J. Treadwell and Thomas H. Treadwell to Albert Woodruff, to secure $3,000, and interest, and recorded in said register's office, in liber 728 of mortgages, page 157, October 10, 1867, which said mortgage the party of the second part hereby assumes and agrees to pay, the same forming a part of the consideration money hereinbefore expressed, and having been deducted therefrom." Defendant in June, 1872, sold and conveyed the premises to Marth A. J. Martin, the deed containing a similar clause. The defendant failed to pay off the mortgage, and so did her grantee. An action was brought by the assignee of the mortgage for its foreclosure and a sale of the property mortgaged; plaintiff was made a defendant in the action, but the present defendant was not. Judgment was recovered, in the usual form, for a foreclosure of the mortgage and a sale of the premises. The amount realized from the sale was not sufficient to satisfy the mortgage debt, and a personal judgment was entered upon the confirmation of the report of sale against the plaintiff, which he afterwards paid; and, to recover the amount paid, he then brought this action against the defendant.

After the opening of the case on the part of the plaintiff, the defendant's counsel moved for a dismissal of the complaint, "on the ground that the plaintiff does not show that he is in a position to sue for and recover any deficiency upon the foreclosure suit, or that he has any right to the money upon this mortgage without placing the defendant in a position whereby she could have the benefit of the mortgage." And the same application was renewed at the close of the plaintiff's proof.

The motions were denied, and judgment directed for plaintiff for the amount of the deficiency, to which defendant's counsel duly excepted. Exceptions were ordered to be heard, at first instance, at General Term.

*George W. Palmer*, for appellant. This action could not be maintained by plaintiff until he had obtained leave to prosecute from the court. (2 R. S. [Edmds. ed.], 199; *Eq. L. As. Soc.* v. *Stevens*, 63 N. Y., 341; *Graham* v. *Scripture*, 26 How., 501; *Burnham* v. *DeBevoise*, 8 id., 159; *Coffin* v. *Reynolds*, 37 N. Y., 640; Code, § 148.)

*Douglas Campbell*, for res⸍ . It was not necessary to obtain leave of the cov ·ing this action. (*Suydam* v. *Bartle*, 9 Paige, 2′ low v. *Bush*, 6 id., 343; *Eq. L. Ins. Co.* v. *Stevens* £., 343.) Even if it were necessary neglect to obtaᵢₙ such permission was mere irregularity which might be waived if not objected to in time. (*Lane* v. *Salter*, 4 Robt., 239; *Chatauqua Co. Bk.* v. *Risley*, 19 N. Y., 376; *Finch* v. *Carpenter*, 5 Abb. Pr., 225; *Prince* v. *Cujas*, 7 Robt., 76; *Graham* v. *Scripture*, 26 How. Pr., 501; *Burnham* v. *DeBevoise*, 8 id., 159; *Coffin* v. *Reynolds*, 37 N. Y., 640; *Hubbell* v. *Dana*, 9 How. Pr., 424; Jay's Case, 6 Abb. Pr., 293; *Parker* v. *Browning*, 8 Paige, 388.) A grantee is bound to fulfill covenants on his part in a deed executed by the grantor only, and acceptance of the deed and property binds him to pay a mortgage he has assumed therein, and he is liable to the grantor for the deficiency found due on a foreclosure thereof. (*Spaulding* v. *Hallenbeck*, 35 N. Y., 204; *At. Dock Co.* v. *Leavitt*, 54 id., 35; *Trotter* v. *Hughes*, 12 id., 74; *Burr* v. *Beers*, 24 id., 179; *Binsse* v. *Paige*, 1 Abb. Ct. Apps. Dec., 138 [note]; *Marsh* v. *Pike*, 10 Paige, 595; *Halsey* v. *Reed*, 9 id., 446; *Rubens* v. *Prindle*, 44 Barb., 336; *Cornell* v. *Prescott*, 2 id., 16; *Johnson* v. *Zink*, 52 id., 396; *Mills* v. *Watson*, 1 Sweeney, 374; *Tillotson* v. *Boyd*, 4 Sandf., 516; *Thorp* v. *Keokuk Coal Co.*, 48 N. Y., 253, 257; *Rawson* v. *Copeland*, 2 Sandf. Ch.,

251; *Ely* v. *McNight*, 30 How. Pr., 97; *Barker* v. *Bucklin*, 2 Den., 45; *Trip* v. *Vincent*, 3 Barb. Ch., 613; *Garnsey* v. *Rogers*, 47 N. Y., 233; *Jumel* v. *Jumel*, 7 Paige, 591; *Blyer* v. *Monholland*, 2 Sandf. Ch., 478; *Ferris* v. *Crawford*, 2 Den., 595; *Miller* v. *Watson*, 5 Cow., 195; *Norman* v. *Welles*, 17 Wend., 136; *Hunt* v. *Amidon*, 4 Hill, 345; *Baxter* v. *Ryers*, 13 Barb., 267; *Rector, etc.*, v. *Higgins*, 48 N. Y., 532; *Mahaiwe Bk.* v. *Culver*, 30 id., 313; *Mauri* v. *Hefferman*, 13 J. R., 58.) Notice to defendant of the pendency of the foreclosure suit was unnecessary, in order to make the judgment-roll, etc., therein admissible to show amount of deficiency. (*Van Nest* v. *Latson*, 19 Barb., 604; *Drury* v. *Clark*, 16 How. Pr., 424; *Soule* v. *Albee*, 31 Vt., 142; Pomeroy on Civil Remedies, § 337; Thomas on Mortgages; *Bigelow* v. *Bush*, 6 Paige, 343; *Schwinger* v. *Hickok*, 53 N. Y., 280; *Bartlett* v. *McNiell*, 60 id., 53; *Bridgeport F. Ins. Co.* v. *Wilson*, 34 id., 275; *Thomas* v. *Hubbell*, 15 id., 405; *Westervelt* v. *Smith*, 2 Duer, 449; *City of Lowell* v. *Parker*, 10 Metc., 314; *Masser* v. *Strickland*, 17 S. & R., 354; *McLaughlin* v. *Bk. of Potomac*, 7 How., 220; *Berger* v. *Williams*, 4 McL., 577; *Bradwell* v. *Spencer*, 16 Ga., 578; *Lee* v. *Clark*, 1 Hill, 56; *Holmes* v. *Weed*, 19 Barb., 128; *Natl. F. Ins. Co.* v. *McKay*, 5 Abb. Pr. [N. S.], 445; Greenl. on Ev., §§ 523, 527, 535; *Rapelye* v. *Prince*, 4 Hill, 19; 3 Abb. Dig., 460.) Defendant had no right to redeem the property. (*Halsey* v. *Reed*, 9 Paige, 446; *Jumel* v. *Jumel*, 7 id., 591; *Lansing* v. *Goelet*, 9 Cow., 346; *Tripp* v. *Vincent*, 3 Barb. Ch., 613.) The amount of the deficiency as found by the referee, which included costs and expenses, was the proper measure of damages. (*Peabody* v. *Roberts*, 47 Barb., 92; *Rapelye* v. *Prince*, 4 Hill, 119.)

RAPALLO, J. The rights and equities of the parties, under the state of facts existing in this case, have been defined by several adjudications. The defendant, by taking a conveyance of the land from the plaintiff subject to the mortgage in question, and assuming the payment of the mortgage as

part of the consideration for the conveyance, became personally liable to the holder of the mortgage for the mortgage debt, and her grantor (the plaintiff), being also personally liable for the same debt, she, by assuming it, became bound to indemnify the plaintiff against his liability. The amount allowed to the defendant out of the purchase-money, by reason of her assumption of the mortgage, was a fund in her hands applicable to the payment of the mortgage in exoneration of the plaintiff. As between the plaintiff and defendant, therefore, the defendant was the principal debtor, and the plaintiff was her surety. But the defendant having in turn conveyed the land to Mrs. Martin, who in like manner assumed the payment of the mortgage, the land was, both as to plaintiff and defendant, the primary fund for the payment of the mortgage, and as against the defendant the plaintiff was entitled to have it so applied before being called upon to respond to his liability as her surety, so that he might not be compelled to advance more than the deficiency which should arise on a sale of the mortgaged premises. For this deficiency, paid by him, the defendant was clearly liable to him.

These propositions are fully sustained by the authorities cited in the opinion of DANIELS, J., at General Term, reported in 15 Sup. Ct. R. (8 Hun), 373. In that opinion the law applicable to the several points urged by the appellant is clearly and accurately stated, and it is not necessary to add anything to it, unless it be in answer to the objection strenuously urged on the argument here, that the costs of the foreclosure should be deducted from the plaintiff's recovery, the defendant not having been a party to the foreclosure suit. It is claimed that the plaintiff might have averted those costs by paying the whole mortgage debt without action, and therefore he should bear the loss of these costs. But the answer is, that as between him and the defendant, he was not bound to advance the whole amount of the mortgage. The land was the primary fund, and he was entitled to have it applied, in the first instance; and the

necessary expense of making such application was properly
deducted from the fund.

The points as to want of notice to the defendant of the
foreclosure suit, and as to the necessity of obtaining leave of
the court to bring this action, are sufficiently answered in
the opinion at General Term. The statute requiring leave,
applies only to the holder of the mortgage, who may, and
should enforce his claim for a deficiency in the foreclosure
suit.

The judgment should be affirmed.

All concur, except FOLGER and MILLER, JJ., absent.

Judgment affirmed.