By the Court.
—O’Gorman, J.
(Afterstating the facts as above.)—The manifest intention and result of this agreement and deed, forming together one transaction, were that Mrs. Watkins acquired the fee of the property, subject only to the mortgage, and that her husband, Hezekiah Watkins, paid the consideration for the sale, partly in cash and partly by assuming the burden of caring for the mortgage, so that the mortgagor should be held harmless on account of it (Pardee v. Treat, 82 N. Y. 385).
The mortgage was payable in installments—one of them for $5,000, being due on October 1, 1873. This installment not being paid, an action to foreclose was brought by Ludington, in which Mrs. Slauson, Mrs. Watkins and Hezekiah, her husband, were made defendants. This action was discontinued on the terms of defendant, Hezekiah Watkins, agreeing to pay $2,000 on account of the mortgage on May 1, 1874, and $3,000 on April 1, 1876, and said Watkins did pay $2,000 in June, 1874, in performance of his agreement to assume payment of the mortgage.
In May, 1876, another suit for foreclosure of that mortgage was begun by the plaintiff, Ludington. In this action, Hezekiah Watkins was made a defendant, but no personal judgment was asked against him, and a judg *379 ment was obtained, and the premises were sold, the result being a deficiency of $3,514.54. To recover the amount of this deficiency from the legal representative of Hezekiali Watkins, since deceased, the present action is brought.
During the pendency of the foreclosure suit which resulted in the sale of the property, an action was brought in this court by Mrs. Slauson, to compel Mrs. Watkins to pay the amount due on the mortgage to Ludington. The complaint in that action was dismissed, and this decision being affirmed by the general term, was afterwards sustained by the court of appeals (86 N. Y. 597), which held that by the express terms of the agreement of Watkins, $22,000, part of the price of the property, was discharged or paid ; by his “assumption ” of the mortgage, and that that word indicated an adoption or taking on himself the burden of the mortgage by Watkins, so that Mrs. Slauson, the mortgagor, should not be harmed or troubled by it, that it was, in substance, a promise to indemnify or hold her as mortgagor harmless, for or on account of it; and the learned court further held that until the determination of the foreclosure suit, then pending, and the ascertainment thereby of the mortgagor’s liability after the sale, this action of Mrs. Slauson did not lie.
Following in the track of this opinion of the court of appeals, there seems little difficulty in sustaining the judgment in the case at bar.
The amount of Mrs. Slauson’s liability, as mortgagor, has been ascertained by the foreclosure and sale, and also the deficiency arising therefrom.
If, as the court of appeals say in Ludington v. Slauson (supra), Mrs. Slauson should be compelled to pay a deficiency arising on the foreclosure of the mortgage, the defendant (Watkins) would, by the terms of his agreement, be liable to her.
The effect of the conveyance to Mrs. Watkins and the agreement between Mrs. Slauson and Hezekiah Watkins, was to make the mortgaged premises primarily liable for *380 the debt, and Watkins principal debtor, as between Mrs. Slauson and him.
That the plaintiff, Ludington, the mortgagee of the mortgage could have the benefit of the agreement between Watkins and Mrs. Slauson, cannot, I think, be successfully contended (Lawrence v. Fox, 20 N. Y. 268 ; Burr v. Beers, 24 Ib. 178 ; Garnsey v. Rogers, 47 Ib. 233 ; Pardee v. Treat, supra; Bennett v. Bates, 94 N. Y. 354 ; Todd v. Weber, 95 Ib. 181; Smith v. Truslow, 84 Ib. 660 ; Slauson v. Watkins, 86 Ib. 597 ; Vrooman v. Turner, 69 Ib. 280).
The appellant contends, that the question of responsibility of the defendant Watkins for payment of the deficiency, depends rather on the language of the deed to his' wife, than on the language in the memorandum of agreement, between him and Mrs. Slauson; that in the deed there was no covenant on the part of his wife,—the grantee,—that she should assume payment of the mortgage, but that she took title, subject only to the mortgage, and that no more than that was intended by the agreement between her husband and Mrs. Slauson; that in the deed the receipt of payment in full of all the consideration money was acknowledged; that the reference, in the agreement, as to the assumption of the mortgage by Watkins was in the “recital” only, and not among the things, which Watkins promised to perform. None of these objections seems to me of weight.
There is nothing inconsistent in the execution of the deed to the wife, as her husband’s appointee, and the payment of all the consideration by him. As between Mrs. Watkins, the grantee, and Mrs. Slauson, the grantor, the consideration was paid, as set forth in the deed, and no personal obligation to pay the mortgage rested on the grantee.
Such liability did rest on Watkins, her husband, as the result of his own agreement to pay the consideration, and to pay it, in part, by the assumption of this mortgage (Pike v. Seiter, 15 Hun, 402). That his agreement *381 to assume is to be found only in the “recital,” is of no importance in this inquiry.
There is no particular form of words, necessary to the creation of an express obligation to do or to forbear to do a particular act. It is from the text of an agreement, and the language of the parties either in the body or in the recital or references, that the intention is manifested (Booth v. Cleveland, &c. Co., 74 N. Y. 15; Schley v. Freyer, 1 Central R. 5). In the case at bar, it was recited that Watkins had bought the house from Mrs. Slauson, for a sum of money payable, in part, by his assumption of the mortgage. This was not the creation of a new agreement to do an act, but the declaration and admission of an agreement, then in existence, on the faith of which the sale was made.
There was no contention in the case, as to the facts, and the exceptions on the part of the defendant to the findings and refusals of the learned trial judge to find, are immaterial and without merit.
The judgment appealed from should be affirmed, with costs.
Sedgwick, Oh. J., and Truax, J., concurred.