Dwight, P. J.
The action was to recover damages for an alleged fraudulent representation concerning the title to land.
*417 On the 1st day of April, 1885, the defendant sold and conveyed to James Bradley, the son of the plaintiff, by warranty deed, forty-seven acres of land at the price of $1,645, and received in paymenty therefor a mortgage of the purchaser, on the same premises, for $1,000, and a mortgage of the plaintiff, on other premises, for $645; in consideration of which latter mortgage James executed to his mother a second mortgage on the forty-seven acres for the same amount.
There was evidence tending to show, and the jury found, that at the time of the transaction the defendant, stated to the plaintiff that the forty-seven acres was free and ■clear of incumbrance. The proof showed that the forty-seven acres had been part of a farm of 207 acres belonging to the defendant, on which there was an outstanding recorded mortgage of $4,000 held by one Saunders; that in the previous year the defendant had sold 160 acres of the farm to one Mrs. Guy, who, as part consideration of the purchase, had assumed and agreed to pay the mortgage on the whole farm to the extent of $3,850; that during the negotiation with James Bradley and his mother, and before the alleged representation was made, the defendant informed Saundei-s, the holder of the $4,000 mortgage, that he proposed to sell the forty-seven acres, and obtained his promise to release that portion of the farm at any time when the defendant had an opportunity to sell. On the trial the defendant offered in evidence a full release and discharge of the forty-seven acres from the lien of the $4,000 mortgage, duly executed and acknowledged by Saunders on the 2d day of October, 1888," which was a few days before the commencement of this action. The ■evidence, of the release was excluded on the objection of the plaintiff, and the defendant excepted. The evidence was undisputed that the 160 acres was worth from $800 to $1,600 more than the full amount of the $4,000 mortgage.
The court charged the jury that the promise made by Saunders to the defendant to release the forty-seven acres from the lien of the $4,000 mortgage did not operate to discharge that' lien, and that the forty-seven acres was in fact, at the time of its sale by the defendant, subject to such lien and liable to be sold on foreclosure to pay at least the sum of $150, and, in default of realizing $3,850 ■out of the 160 acres, then for an undetermined sum in addition to the $150; also that, in case the plaintiff was entitled to recover, the measure of damage was the difference between the value of the mortgage given to her by her son without the incumbrance of the $4,000 mortgage on the property, and its value with such incumbrance on the property; and the jury found a verdict for the plaintiff for $450.
The only disputed question of fact in the case, aside from the question of damages, was whether the representation was made as charged. Upon that question the verdict of the jury must be conclusive against the defendant. There can hardly be a pretense that such representation was made with any purpose on the part of the defendant to defraud the plaintiff of portion of the *418 value of her security; because, though he had not yet procured a formal release of the forty-seven acres, he had the assurance, that he might have such release at any time when he should effect a sale Besides, he had the covenant of the purchaser of the 160 acres, which not only bound herself personally but constituted the 160 acres the primary fund for the payment of the old mortgage to the extent of $3.850. Russell v. Pistor, 3 Seld., 171; Slauson v. Watkins, 86 N. Y., 597.
This left only $150 chargeable on the forty-seven acres, in any event, unless the 160 acres and the personal covenant of Mrs. Guy were worth less than the former amount, which is contrary to the evidence; while as against the $150, there was the covenant of warranty of the defendant himself, and there is no evidence or intimation that he was not entirely responsible. But the representation being made as found by the jury, and the actual fact being otherwise as known to the defendant, there was an apparent intention to deceive, and at least a technical cause of action was established against the defendant. But we are unable to see. that there was evidence which, in any view, warranted the verdict for $450. The rule of the measure of damages was correctly stated by the court. The amount of the possible recovery by the plaintiff was limited to the amount by which the mortgage of $645, given to the plaintiff by her son, was rendered of less value by the existence of the real or apparent lien of the mortgage of $4,000 on the same premises. This rule, no doubt, entitled the plaintiff to nominal damages, and more if there was evidence to show that the value of her security was actually and appreciably reduced by the existence of the lien in question. How to make such proof in the absence of any attempt to enforce or even to assert that lien against the premises covered by the plaintiff’s mortgage it is not easy to say. The plaintiff’s mortgage was never offered for sale; no depreciation in market value was sought to be shown. The jury, as it seems to us, was permitted to-find a verdict based upon mere conjecture as to what may have been the deterioration in the value of the plaintiff’s security from the cause specified. The language of the instruction to the jury on this question is as follows: after pointing out the possibility of a deficiency in the amount to be realized on the 160 acres the court says: “ So that there would be a contingent liability placed upon this 47 acres to make up something; the evidence does not disclose how much, neither does it disclose any practicable or striking probability as to what that might be, but that there would be something there that this land might be made liable to pay in the first instance for the purpose of extinguishing this mortgage.”
It must have been under the permission given to conjecture by this instruction that a verdict was found for any sum greater than $150, for which sum alone was the forty-seven acres liable until after the exhaustion of the primary fund, furnished by the 160 acres. The language of the instruction recognizes the absence of evidence that there would be, or was likely to be, any deficiency of that fund to pay the $3,850 ; and it permits the jury to in- *419 elude in their verdict a merely possible deficiency which is confessedly undetermined, and practically indeterminate in amount
The particular instruction quoted above was not excepted to by the defendant, and there does not seem to be any exception to the charge, nor any request to charge, which covers the precise question here considered, but we regard the verdict for $450 as unsupported by the evidence, and are of the opinion that the motion for a new trial should have been granted for that reason.
We think the request to charge that the plaintiff could recover no more than nominal damages was properly refused, and that under proper instructions the question might have been submitted to the jury upon the evidence as it stood, whether the plaintiff should recover the sum of $150, the amount for which the forty-seven acres was, in the first instance, subject to the lien of the $4,000 mortgage.
. The exception to the exclusion of evidence of the release of the forty-seven acres, executed three years after the transaction in question, was not well taken. It is conceded by counsel for defendant that such cause of action as the plaintiff had arose immediately on the giving of her mortgage to the defendant, and must be determined upon the facts as they then existed, Northrop v. Hill, 57 N. Y., 360, and it is plain that the fact that the defendant subsequently procured the release to be executed was not (as urged by his counsel) relevant to the question whether the representation was made as alleged by the plaintiff.
Upon the ground formerly considered we think the judgment and order appealed from should be reversed and a new trial granted.
Judgment and order appealed from reversed and a new trial granted, with costs to abide the event
Macomber and Corlett, JJ., concur.