EDWARD WRIGHT, Respondent, v. ROBERT W. CHAPIN, Appellant.

*Contract — express covenant to pay a sum due by the covenantee to a third person — measure of damages — effect of a foreign judgment.*

The complaint in an action alleged that the plaintiff bought certain lands in Canada of George Goodwin for the price of $60,000, and gave to Goodwin a mortgage for the purchase money; that subsequently the defendant made an agreement with Goodwin by which the latter agreed to accept from the defendant $52,500 in payment of his purchase-money mortgage; that soon afterwards the defendant purchased the lands of the plaintiff by an agreement in which he expressly agreed to pay to Goodwin, as a part of the purchase price, the said sum of $52,500 in full satisfaction of Goodwin's claims upon the property, to indemnify the plaintiff against all liability to Goodwin and to relieve the lands from his lien; that subsequently the defendant resold the lands to the plaintiff, but that the plaintiff reserved all rights growing out of the former transactions; that the defendant failed to make a portion of the agreed payments, and that the plaintiff brought an action in a Canadian court against the defendant to enforce his liability by reason of the premises and recovered a judgment which the complaint alleged had, by the laws, rules and practice of Canada, the force of a personal judgment against the defendant; and that this judgment directed that the defendant "pay into court" the amount due Goodwin upon his claim.

Upon a former appeal to the General Term, upon a demurrer to the complaint, the only question considered was as to the right of the plaintiff to recover upon this Canadian judgment. Thereafter an appeal was taken from a judgment in plaintiff's favor rendered after a trial, in which the plaintiff recovered not upon the foreign judgment, but money damages as for a breach of contract.

*Held,* that the complaint stated a good cause of action upon contract, separate and apart from the allegations relative to the Canadian judgment;

That the defendant's promise, made to the plaintiff in consideration of the latter's transfer of his lands, to pay to Goodwin the debt which the plaintiff owed him, and to relieve the plaintiff from all liability to Goodwin, was an express covenant to do a particular act and was enforcible;

That although the plaintiff had not himself paid Goodwin the debt, the plaintiff could recover of the defendant for so much of the indebtedness of the plaintiff to Goodwin as the defendant had failed to pay;

That the Canadian judgment was not a bar to the action, but was conclusive evidence, as between the parties to it, that the defendant was bound to keep his promise and pay Goodwin, and that at the date of the entry of the judgment there was due the amount claimed.

APPEAL by the defendant, Robert W. Chapin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of Janu-

ary, 1895, upon the decision of the court rendered after a trial at the New York Special Term.

The substance of the complaint is given in 74 Hun, 521, upon the former appeal to the General Term from an order sustaining a demurrer to the complaint.

The complaint alleged that the plaintiff purchased certain lands in Canada of one George Goodwin at a price of $60,000, and that he gave to Goodwin a mortgage for the purchase money; that thereafter the defendant made an agreement with Goodwin by the terms of which Goodwin agreed to accept from the defendant $52,500 in payment and satisfaction of his purchase-money mortgage of $60,000 (the times and amounts of this payment being specifically stated); that afterwards the plaintiff sold the lands to the defendant, who at the same time promised, by an agreement under seal, to pay to Goodwin, as a part of the purchase price of the premises, this sum of $52,500 at the times and in the amounts which had been fixed in the former agreement between the plaintiff and Goodwin; that this sum was to be in full satisfaction of Goodwin's claims against the premises, and that the defendant at the same time agreed to indemnify the plaintiff against all liability of Goodwin and to relieve the lands of his lien; that subsequently the defendant and a certain mining company which had become interested in the lands, resold the lands to the plaintiff, but that the plaintiff upon this transfer saved and reserved all rights against the defendant, upon his promise to pay Goodwin and to indemnify the plaintiff; that the defendant failed to make some of the payments which he had covenanted to make; that Goodwin foreclosed for this failure, recovered judgment and threatened to sell the premises; that the plaintiff brought an action in a Canadian court of general jurisdiction against the defendant, to enforce his liability by reason of the premises, and that he recovered a judgment for $22,429.28 and $318.60 costs; that this judgment directed the defendant to pay into court this amount due Goodwin upon his claim; the complaint alleged that this judgment had, by the laws, rules and practice of Canada, the force of a personal judgment against the defendant, and that the plaintiff had a right to enforce it.

The defendant demurred to the complaint, but the question was decided adversely to him in an opinion of the General Term, reported in 74 Hun, 521.

Upon the present trial the plaintiff did not attempt to recover as upon the Canadian judgment, but sought to recover damages under the allegations of the complaint as for a breach of contract.

*H. B. Closson*, for the appellant.

*Arthur C. Rounds*, for the respondent.

PER CURIAM:

The defendant seems to be greatly distressed by the fear that in case he pays this judgment the plaintiff may decamp with the money and the defendant be left to pay the Canadian judgment of a like amount. Should the defendant pay the Canadian judgment, and so relieve the plaintiff in this action from his liability on his covenant to George Goodwin, there might be a way found of reducing the present judgment by the amount paid on the Canadian judgment, without making double payment.

The judgment should be affirmed, with costs, on the opinion of this court, reported in 74 Hun, 521, and on the opinion of Mr. Justice INGRAHAM, rendered on the trial of this action.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.

The opinion referred to was as follows:

INGRAHAM, J.:

On the appeal to the General Term from the judgment sustaining the demurrer there was but one question considered, and that was upon the right of the plaintiff to recover upon the judgment pleaded; and it was held that the complaint having alleged that the judgment of a Canadian court was a personal judgment authorizing a recovery by the plaintiff of a sum of money from the defendant, and that allegation having been admitted by the answer, the action upon that judgment could be maintained. Nothing was said as to the right of the plaintiff to recover for the breach of the contract set up in the complaint.

Upon the question of the necessity of making Goodwin a party defendant, although that question was not discussed, the court must have disagreed with the court below, as, if Goodwin was a necessary party, the judgment would necessarily have been affirmed.

The plaintiff now claims the right to recover for a breach of the original obligation.

The complaint alleges the making of the agreement and its breach by the defendant, and these allegations are admitted by the answer. The subsequent judgment of the Canadian court, adjudging that the defendant pay the amount due to Goodwin into the court, is also alleged. It does not appear that the learned justice who tried the original issue of law raised by the demurrer considered the question as to whether or not the plaintiff was entitled to recover for a breach of the original obligation, as that case appears to have been submitted to him as an action upon the judgment only. If the only cause of action set up in the complaint was upon the judgment the other allegation of the original obligation and its breach by the defendant would have been unnecessary as the judgment itself was all that it was necessary to plead.

In this complaint the making by the defendant of the agreement to pay is alleged, and I can see no reason why the plaintiff is not entitled to enforce that agreement. Here the plaintiff seeks for a money judgment against the defendant, and if that cause of action was merged in the Canadian judgment, then it would follow that the plaintiff would be entitled to recover a money judgment upon the proof of the Canadian judgment, and yet the right to recover on that judgment in this action is strenuously denied by the defendant. Nor can it be said that the Canadian judgment is an adjudication that the plaintiff is not entitled to recover a money judgment against the defendant, for by the original obligation the agreement of the defendant was to pay to Goodwin the amount due by plaintiff to him, and the Canadian court held that plaintiff was bound to pay Goodwin that amount. It did not pass upon the question as to whether or not this plaintiff was entitled to recover the amount that the defendant had agreed to pay Goodwin in case of the defendant's failure to comply with his agreement. Nor does it appear that in that Canadian action plaintiff claimed his right to recover a money judgment against the defendant upon the defend-

ant's failure to comply with his agreement to pay Goodwin; that judgment simply held that the defendant was bound to pay Goodwin, and adjudged that he should pay him, and, notwithstanding that adjudication, the defendant has refused to comply with his contract.

The plaintiff now in this action asks that he be allowed to recover against the defendant by reason of the failure of the defendant to comply with his contract to pay Goodwin what he agreed to pay him; and if, upon the conceded facts, plaintiff is entitled to such a judgment, I cannot see that an adjudication of the Canadian court that defendant was bound to fulfill his contract to pay Goodwin was an adjudication that plaintiff was not entitled to recover from the defendant the damages that he sustained because defendant had refused to do what he was bound to do, namely, to pay Goodwin.

The defendant having answered, and the case now coming on to be tried upon the pleadings and proofs, I think the plaintiff is entitled to a determination of the question whether or not, upon the facts as admitted and proved, he is entitled to judgment against the defendant. There can be, I think, no doubt but that when A agrees with B to pay to C a debt which B owes C, and breaks his agreement, B has an action against A for a breach of that agreement.

The material question is as to the measure of damages, and this is the precise cause of action that plaintiff alleges and the defendant admits. It is true that under this contract defendant agreed with plaintiff that he would pay Goodwin, but the contract was between the plaintiff and the defendant and the defendant has broken his contract. The question, therefore, is whether there was a valid contract between plaintiff and defendant based upon a good consideration by which the defendant agreed to pay Goodwin a sum of money; whether that contract has been broken by the defendant, and whether plaintiff has sustained any damage in consequence of that breach of the contract, it is first necessary to understand just what promise the defendant made to plaintiff, and whether there has been a breach of that promise.

The complaint alleges that by a certain indenture by him made, executed and delivered, the plaintiff, for and in consideration of the covenants and agreements of the defendant in said indenture contained, and more particularly for and in consideration of his

covenant and agreement to pay the purchase price of those lands in the indenture mentioned, and in the mode thereinafter stated, and for and in consideration of other good and valuable considerations, duly granted, bargained, sold, ceded and assigned unto the defendant the lands therein described, together with the buildings thereon situated and the appurtenances thereto belonging, subject to the lien or mortgage thereon existing in favor of the said Goodwin; that the said defendant, for and in consideration of the said grant, bargain, sale, assignment and conveyance, and the covenants and agreements of the said Wright, in the said indenture contained, duly and expressly covenanted, undertook and agreed faithfully and truly to pay to the said Goodwin, as a part of the purchase price of the said lands, the said sum of $52,500 mentioned in a certain indenture or agreement entered into between said Goodwin and this defendant, on or about the 21st day of May, 1890, " at the times and in the mode in the said indenture mentioned, * * * said payments to be in full satisfaction and discharge of all the claims of the said George Goodwin in, upon or against the said property or against the said Edward Wright * * * and that thereby the said Robert W. Chapin, defendant herein, for the said considerations, duly covenanted and agreed to relieve the said Edward Wright of and from and to indemnify him against all liability whatsoever to the said George Goodwin under or by virtue of the covenants and agreements contained in the indenture above mentioned executed by the said George Goodwin and the said Edward Wright on or about the 22d day of October, 1889, * * * that thereby the said Robert W. Chapin, for the said considerations, further covenanted and agreed to relieve the said lands mentioned and described in the said deed, of and from the said lien, mortgage or hypothecation in favor of the said George Goodwin, as above more particularly mentioned and described." This allegation is admitted by the answer.

It thus appears that defendant purchased lands from plaintiff, and as consideration for such purchase, agreed to pay Goodwin the debt that plaintiff owed Goodwin, and agreed to relieve plaintiff of and from all liability to said Goodwin. The defendant, therefore, has the plaintiff's property, and as the consideration of the conveyance of the property he agreed to pay a debt of plaintiff's to Goodwin, and to relieve plaintiff from the liability which he was under to

FIRST DEPARTMENT, MAY TERM, 1895. [Vol. 87.

Goodwin, and that covenant the defendant has failed to perform by failing to pay $22,429.38 of the said indebtedness of plaintiff to Goodwin. This covenant is not strictly a covenant for indemnity against loss, but an express covenant to do a particular act, namely, to pay Goodwin the money due him and to relieve plaintiff from a liability to Goodwin; and the damage sustained by plaintiff by a breach of that covenant is the amount of the liability from plaintiff to Goodwin.

I think this question was determined in the case of *Port* v. *Jackson* (17 Johns. 239). In that case it appeared that the plaintiff, being the owner of a certain indenture of lease, assigned the same to the defendant for the consideration therein mentioned, for the residue of the term demised then unexpired, and the defendant, in and by the same indenture, covenanted with the plaintiff, his executors, etc., that he, the defendant, would keep and perform all the covenants, payments and agreements mentioned and contained in the indenture of demise which, on the part and behalf of the plaintiff, were or ought thereafter to be paid, done and performed; that the defendant had not paid the yearly rent for twenty-four years and a half prior to the commencement of the action to the original lessors; and the plaintiff in that action sought to recover from the defendant the amount unpaid; and the question was presented whether the plaintiff ought to have averred that he had been damnified by a breach of the covenant on the part of the defendant in having either voluntarily or compulsorily paid the rents in arrears; and it was claimed on the part of the defendant that until the plaintiff had paid the rent he could not maintain an action at law; in other words, that the covenant is not broken until the plaintiff has satisfied the rent. And the court said: "This is a mistake. The covenant is that the defendant shall pay the rent to the lessor as it falls due, and the moment the day of payment is past and the rent is left unpaid, the covenant is broken as well according to its words as its spirit, and the action is, at all events, maintainable. Another question then arises, what shall be recovered? Nominal damages only, or the amount of the rent due. My opinion is that the latter is recoverable. The covenant is not that the defendant shall indemnify the plaintiff against his own covenant in the lease or against any damage which he may sustain, but it is express and positive that the

defendant will pay the rent for which the plaintiff continued to be liable, notwithstanding the assignment; the sum to be paid is certain and liquidated, and the breach of the covenant consists in the non-payment of it, and a plea of *non-damnificatus* would, therefore, be no answer to the declaration."

In arguing this question the court supposes this case: "Suppose a covenant is entered into by A with B that he will pay B's bond to a third person when it falls due. There cannot be a question that if A makes default he is liable for the amount of the bond, though B has not paid it himself." It seems to me that this sup-posed case is the exact case here. The defendant has agreed that he will pay Goodwin the debt that plaintiff owes Goodwin; the time of the payment of that debt has arrived, and defendant has made default. And it would seem that he is liable for the amount still due upon the plaintiff's obligation to Goodwin, although plaintiff has not paid it to Goodwin himself. I do not find that this case has been at all questioned, but it has been reaffirmed by many cases in this State.

In *Kohler* v. *Matlage* (72 N. Y. 266) the action was to enforce a bond, the condition of which was that if one Chapman "shall well and truly pay or cause to be paid unto the proper parties the balance of the debts of the concern for manufacturing a variety of bread known as 'Kohler's Cream Bread,' remaining due and unpaid upon the delivery of this bond, and which are stated by said Chapman not to exceed $2,500, within nine months after the date of this bond," then it was to be void. The court held that this was an original obligation to pay the debts and not an indemnity against loss or damage, by reason of a liability to pay the debts; in one case the covenantee is to be saved from the thing specified, and in the other from the consequences of it; and held that the plaintiff was entitled to recover without allegation or proof that he had paid the debts.

The question is discussed at some length in an opinion by Mr. Odell, as referee, in the case of *Adams* v. *Symon* (22 Abb. N. C. 472), and I think that opinion very satisfactorily answers the objection taken by the defendant to the recovery upon the obligation sued on in this action. The allegation of the recovery of the Canadian judgment is entirely immaterial here. It is, however, conclu-

sive evidence between the parties that the defendant was bound to carry out the agreement and to pay Goodwin, and that on the date of the entry of that judgment there was due this amount claimed.

The covenant of the defendant here is quite different from that before the court in the case of *Slauson* v. *Watkins* (86 N. Y. 597), for there as part of the consideration of the sale of the premises by Slauson to Watkins the latter assumed a mortgage on the property, and that consideration of the conveyance was paid by assuming the mortgage, and there could be no recovery until it was ascertained that there would be a deficiency upon the foreclosure of the mortgage. Here the covenant was not that the defendant would assume a mortgage, but that he would pay to Goodwin the amount that plaintiff owed him.

I think, therefore, that on the conceded facts under the authority stated plaintiff is entitled to judgment against the defendant for the amount claimed with interest, and judgment is directed accordingly.