Hillsborough,
Jan. 2, 1929.

MARKAR G. MARKARIAN *v.* JOHN D. MORAZINES & *a.*

*Markar G. Markarian* and *Frederick J. Gaffney*, for the plaintiff.

*Nicholas J. Costakis* and *Charles E. Hammond*, for the defendants.

*Hamblett & Hamblett*, for the Nashua Trust Company.

MARBLE, J. On October 11, 1924, the plaintiff conveyed certain premises to the defendants John D. Morazines and Goste Athansopoulos subject to a mortgage to the Nashua Trust Company for $5,500 which the grantees assumed and agreed to pay. This mortgage covered an additional tract of land owned by the plaintiff. Later the plaintiff desired to sell this tract and in order to secure a release thereof from the mortgage was obliged to pay the trust company the sum of $1,000. on account of the mortgage note. The grantees refused to reimburse him for this payment or to do more than they were required to do by the terms of the mortgage. In the meantime, fearing action by the plaintiff, they conveyed the property to certain relatives, who are the other defendants named in the original bill.

The master at the conclusion of his first report recommended that the bill be dismissed. The plaintiff then moved for leave to file a "petition in aid of his original suit and bill, and . . . for leave to join the Nashua Trust Company." This motion was granted. The Nashua Trust Company appeared and in its answer affirmed its willingness to assign the note and mortgage to the plaintiff if the court should find that justice so required.

There was a second hearing before the master, who found that if the plaintiff was entitled to relief it would appear equitable that he be subrogated to the rights of the trust company under the mortgage to the extent of the payment made by him. The court, having considered the master's report, made the following decree: "It is therefore ordered, adjudged and decreed that the said Nashua Trust Company . . . shall either hold said mortgage claim for the collection of $1,000. for the benefit of the said Markarian or transfer the same without recourse to such person as he, the said Markarian, may designate to hold the same as trustee for him, but said Nashua Trust Company is not required to transfer said note and mortgage until after it has received the full amount due it."

The trust company did not object or except to this order and has taken no part in the proceedings here.

It is generally held that the relation between a mortgagor and his grantee, when the latter has assumed the payment of the mortgage, is that of surety and principal, and if the mortgagor is later obliged to pay the mortgage debt he will be subrogated to the rights of the mortgagee. *Hoysradt* v. *Holland*, 50 N. H. 433; Jones, Mortgages (8th *ed.*), *s.* 1765, and cases cited. The rule is not otherwise even though the mortgagor has conveyed only a part of the mortgaged premises provided the grantee has assumed the entire debt. *Russell* v. *Pistor*, 7 N. Y. 171.

The defendants concede that this is so, but contend that the plaintiff, as surety, cannot be clothed by operation of law with the rights of the trust company because he has not fully paid the mortgage note.

It is true that a creditor's rights "must be entirely divested, before another can be substituted, by mere operation of law, in his place." *Gannett* v. *Blodgett*, 39 N. H. 150, 153. See also *Morrison* v. *Bank*, 65 N. H. 253, 278. But where this has been done, partial payment by the surety to the creditor is sufficient to entitle the former to subrogation. *Stavrelis* v. *Zacharias*, 79 N. H. 146.

The defendants admit that the plaintiff has paid a thousand dollars of their indebtedness, and the further requirement is satisfied by the stipulation contained in the decree that the order shall not be effective until after the trust company has received the full amount due.

Nor is there any significance in the point which the defendants emphasize that the plaintiff was not in a literal sense compelled to make the payment in question. Wiltsie in his treatise on Mortgage Foreclosure (4th *ed.*, *s.* 319) states that "where a grantor is obligated to pay a mortgage debt and conveys the land to a grantee, who assumes the payment thereof, he is entitled, on paying the debt, voluntarily or otherwise, to be subrogated to the rights of the mortgagee."

The defendants' contention that they are placed in a position of hazard by the order of the court has no foundation either in law or in fact. They are not required even by implication to do anything they have not engaged to do.

The trust company refuses to recognize the plaintiff's right to subrogation unless so ordered by the court. It follows that without such an order a *bona fide* purchaser will be protected against the plaintiff's claim or if the trust company holds the note until the balance is paid it will discharge the mortgage. Under these circum-

stances the plaintiff is entitled to maintain a bill *quia timet* to have his right established at once (*Sipola* v. *Winship*, 74 N. H. 240, 244) and to give notice of that right to all the world by a record of the decree in the registry of deeds. The defendants' claim that the suit has been prematurely brought is therefore without merit.

*Exceptions overruled.*

All concurred.