DANIEL M. CLARK, Appellant, v. LEWIS G. COTTREL, Respondent.

A deed without covenants (quitclaim), given by one of four tenants in common of a farm of 100 acres, after in terms conveying all of the grantor's interest in the 100 acres, describing them, contained this clause: "The party of the first part reserves out of the above described lands one-fourth part of thirty acres of said land, that was set off to mother as her right of dower, or power of thirds."—*Held*, that the clause must be construed, not as an exemption of a dower interest from the operation of the conveyance, but as an exception of the grantor's interest in a specified portion of the farm, which is identified and located by reference to the location of dower.

(Submitted April 1st, 1870; decided June 23d, 1870.)

APPEAL from a judgment of the General Term in the fifth judicial district, rendered upon exceptions there heard in the first instance, affirming a judgment of nonsuit.

The facts sufficiently appear in the opinion of the court.

*C. D. Adams*, for the appellant, cited 1 Seld., 33 ; 1 Cow., 103, and cases there cited.

*Starbuck & Sawyer*, for the respondent, relied upon *Swick v. Sears* (1 Hill, 17). That the state of things existing at the time a deed is given will be considered in arriving at its true meaning, he cited also Chitt. on Cont., 72 ; *Wilson v. Troup*

(2 Cow., 228); *French* v. *Carhart* (1 Comst., 102); *Livingstone* v. *Ten Broeck* (16 John., 22).

SUTHERLAND, J. This was an action of ejectment to recover an undivided fourth of thirty acres of land in Denmark, Lewis county, which thirty acres were a part or parcel of a farm or tract of 100 acres, formerly owned and occupied by one Gardiner Cottrel, and of which he died seized in 1833, leaving four children, his heirs-at-law, and a widow. Adelia, one of the four children, with her husband, Elisha Saxton, subsequently, and in 1834, by a quitclaim deed, conveyed all her right and interest in and to the 100 acres, describing them by metes and bounds, to Lewis G. Cottrel, the defendant and respondent, another of the four children; but which deed, immediately following the description of the 100 acres, contained these words: "The party of the first part reserves out of the above described lands one-fourth part of thirty acres of said land, that was set off to mother as her right of dower, or power of thirds."

Beside this deed, the plaintiff, on the trial of this action, put in evidence the record of a deed, dated June 26th, 1854, acknowledged June 27th, 1854, and recorded September 30th, 1854, by which last mentioned deed, the said Adelia, with her husband Elisha Saxton, quitclaimed and conveyed to the plaintiff all the right, title and interest in said 100 acres, which the grantors "now have, or may hereafter have or inherit, as the heirs-at-law of Gardiner Cottrel, deceased, and his widow, Nancy. The said Adelia being the daughter of said Gardiner Cottrel and the said Nancy, who has a dower right in said premises."

It was admitted on the trial that Nancy, the widow, died December 1st, 1861.

The learned justice, before whom the action was tried at the circuit, on motion of the defendant, dismissed the complaint, on the ground that the deed of May 4th, 1834, from Adelia Saxton and her husband, conveyed to the defendant the estate and interest of the said Adelia in the whole of the

100 acres, including the thirty acres, part and parcel of the 100 acres, which had been set off for the widow's dower; the plaintiff offering to locate, by evidence, the thirty acres described in the complaint, and this evidence being excluded on objection by the defendant.

The plaintiff excepted to the exclusion of this evidence, and also to the ruling or order dismissing the complaint; and these exceptions, and the plaintiff's motion for a new trial, were ordered to be heard in the first instance at the General Term.

This appeal is from the judgment of the General Term (Justice MULLIN delivering the prevailing opinion, and Justice ALLEN delivering a dissenting opinion), denying the plaintiff's motion for a new trial, and affirming the order or judgment at the circuit, dismissing his complaint.

The plaintiff's right to recover the one undivided fourth of the thirty acres described in his complaint, which w. must assume to be the same thirty acres mentioned or referred to in the reservation in the deed of May 4th, 1834, depends upon the construction of that reservation; and this question of construction is the only question presented by this appeal.

Justice MULLIN, whose opinion seems to have controlled the decision of the General Term, citing and relying on *Swick* v. *Sears* (1 Hill, 17), seems to have been of the opinion that the reservation should be regarded as a reservation of the widow's estate and interest in the thirty acres which had been set off as her dower, or of one-fourth of that estate and interest, which, of course, was a life estate; and that, consequently, the quitclaim of the 4th of May, 1834, should be regarded as a quitclaim of Adelia Saxton's undivided fourth of the thirty acres, subject to her mother's life estate, as well as a quitclaim of her undivided fourth of the remainder of the 100 acres.

I am of the opinion that the case of *Swick* v. *Sears* does not justify such a construction of the reservation in the deed of Mrs. Saxton and her husband, of the 4th of May, 1834;

that the reasoning of Judge BRONSON, in *Swick* v. *Sears,* does not apply to the reservation in question in this case.

In that case the plaintiff was seized of the entire estate, except the widow's dower right, and the deed which contained the reservation was a warranty deed; and the reservation was in these words: "Reserving the equal undivided third part of the above described premises that is covered by the dower right of Charity Covert."

Charity Covert's dower right in that case was an estate for her life in an *undivided* third of the premises conveyed. It covered the whole of the premises conveyed. Her dower had never been set off or admeasured. There was no particular third part of the premises covered by her dower or dower right.

It was held, and rightfully held, I think, that the plaintiff did not intend to convey only an undivided two-thirds of his estate, but his whole estate, subject to Charity Covert's right of dower, which covered an undivided third of the whole premises.

But in the principal case the grantors were seized of only an undivided fourth of the premises; the thirty acres thereof, which had been set off as the widow's dower (it must be presumed by metes and bounds), were subject to her dower right or life estate. The deed being a quitclaim only, no inference is to be drawn from the circumstance that, in form or in words, it purports to convey all the grantor's estate and interest, etc., without specifying the estate and interest to be an undivided fourth. Mrs. Saxton had but an undivided fourth part of the premises, and her undivided fourth part of the thirty acres which had been set off for her mother's dower right was subject to that right, and Mrs. Saxton and her husband quitclaimed her undivided fourth part of the premises, reserving her "one-fourth part of thirty acres of said land, that was set off to mother as her dower."

The reservation is not of any right or estate of her mother in the thirty acres, or in Mrs. Saxton's one-fourth of the thirty acres, but it is a reservation of Mrs. Saxton's one-

fourth part of a particular part or parcel, containing thirty acres, of the 100 acres before described, which thirty acres are described as the thirty acres " that was set off," etc.

I think the judgment should be reversed, and a new trial ordered, with costs to abide the event.

For reversal, SUTHERLAND, GROVER, FOSTER, SMITH and INGALLS, JJ., and EARL, Ch. J.

Judgment reversed, and new trial ordered.