EDWARD P. DAY, Respondent, *v.* EDWARD TAYLOR HUNT, as Executor, etc., Appellant.

Plaintiff bid off two vacant lots at a sale at public auction. By the terms of sale ten per cent of the purchase-price was required to be paid down, the residue at a place and upon a day named "when the deed will be ready for delivery." The vendor was not required to send notice to the purchaser, and if the latter neglected to call at the time and place specified it was provided that he would be charged with interest on the purchase-price unless the vendor deemed it proper to extend the time. It was also provided that "seventy per cent of the purchase-money may remain on bond and mortgage (containing the usual interest, insurance, tax and assessment clauses), at the option of the purchaser, * * * the bond and mortgage to be drawn by the counsel of the seller at an expense of $10 to the purchaser." In case of the failure of a purchaser to comply with the terms of sale, provision was made for a resale at his expense. Plaintiff paid the ten per cent, but refused to execute the bond and mortgage because it contained the usual insurance clause. There were no improvements or property of any kind upon the lots which could be the subject of insurance. In an action to compel specific performance it did not appear that either party intended to abandon the contract. Three months after the sale the vendor wrote to the vendee stating "the balance still remained unpaid," and notifying him that unless he completed his purchase on or before a day named the lots would be offered for sale. The trial court granted the relief asked for on condition that plaintiff, within twenty days, pay the sum called for by the contract, with interest, execute the bond and mortgage, pay $10 for preparing them and pay the costs and expenses. *Held*, that such relief was properly granted; that time was not of the essence of the contract; and that plaintiff, although wrong in his construction of the contract, had some justification in refusing to provide for insurance on vacant and unimproved property.

The remedy of specific performance is discretionary and to be given upon a consideration of all the circumstances before the court; and where neither hardship nor injustice result to the defeated party, a court of review will not interfere with a judgment which grants that relief.

The very fact that the plaintiff has not strictly performed his part, and so is without remedy at law, is frequently a sufficient reason for the interposition of a court of equity where relief is given, notwithstanding the lapse of time, according to the actual merits of the case.

(Argued December 18, 1888; decided January 15, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department entered

upon an order made July 1, 1887, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The action was brought by the plaintiff to procure a construction of a written contract embodying certain conditions on the sale of lands, and, when construed, a specific performance of it.

The answer admitted the execution of the contract and, denying some of the allegations of the complaint, set up as an affirmative defense the refusal of the plaintiff to execute a bond and mortgage as required by the agreement. The Special Term gave the relief asked for by the plaintiff, upon condition that within twenty days he pay the sum called for by the contract, with interest, execute the bond and mortgage referred to, pay $10 for preparing them and the costs and expenses of the action and $30 extra allowance.

The facts found by the trial judge as justifying this conclusion, were, that on the 6th of November, 1885, the defendant put up the lands mentioned in the complaint for sale by public auction on certain terms, of which the following only are material:

(1st.) Payment of ten per cent of the purchase-money on the day of and immediately after the sale.

(2d.) The residue of said purchase-money will be required to be paid to the said executor at the office of Bergen & Dykman, No. 189 Montague street, in the city of Brooklyn, on the 25th day of November, 1885, when the executor's deed will be ready for delivery.

(3d.) The executor is not required to send any notice to the purchaser; and if he neglects to call at the time and place above specified to receive his deed, he will be charged with interest thereafter on the whole amount of his purchase, unless the executor shall deem it proper to extend the time for the completion of said purchase.

(4th.) Relates to taxes and incumbrances.

(5th.) Requires the conditions to be signed.

(6th.) The biddings will be kept opened after the property is

struck down; and in case any purchaser shall fail to comply with any of the above conditions of sale, the premises so struck down to him will be again put up for sale under the direction of said executor under these same terms of sale, and such purchaser will be held liable for any deficiency there may be between the sum for which said premises shall be struck down upon the sale and that for which they may be purchased on the resale, and also for any costs or expenses occurring on such resale.

(7th.) Seventy per cent of the purchase-money may remain on bond and mortgage (containing the usual interest, insurance, tax and assessment clauses), at the option of the purchaser, for the term of three or five years, with interest at five per cent per annum, payable semi-annually, the bond and mortgage to be drawn by the counsel of the seller, at an expense of $10 to the purchaser, who shall also pay for recording the said mortgage.

That the plaintiff purchased two of the lots for $600, paid the required ten per cent, and signed the conditions of sale. That the property consists of vacant lots, with no improvements of any kind thereon, and no property of any kind which could be the subject of insurance. That the mortgage tendered to the plaintiff for execution as a compliance with the conditions of sale contained the usual insurance clause, and plaintiff declined to execute it as not called for by his agreement. That the defendant still retains all the amounts paid by the plaintiff in part performance of said contract, and defendant has never offered to return or refund the same to the plaintiff. That the plaintiff did not at any time intend to abandon or relinquish his rights under the said contract.

*William N. Dykman* for appellant. Although time was not in the beginning of the essence of the contract, it may be made so by notice. (Fry on Specific Performance, §§ 709, 722; Story's Eq. Jur. § 776; *Myers* v. *De Mier*, 52 N. Y. 647; *Page* v. *McDonnell*, 55 id. 299.) The rise in the value of the lots before this suit made time of the essence of the contract. (*Peck* v. *Goodberlett*, 109 N. Y. 180, 189; *Sickles* v.

*Flanagan,* 79 id. 224; *Meacham* v. *Burke,* 54 id. 217; *Beck* v. *Sheldon,* 48 id. 365; *Thomson* v. *Bank of B. N. A.,* 82 id. 1; *Edgerton* v. *Peckham,* 11 Paige, 352, 354; *Merchants' Bank* v. *Thomson,* 55 N. Y. 7, 16.) Irrespective of whether time became of the essence of the contract, the plaintiff should have been denied a specific performance, not having excused his delay, and not having proved that he was "ready, desirous, prompt and eager." (*Merchants' Bk.* v. *Thomson,* 55 N. Y. 7, 16; *Taylor* v. *Longworth,* 14 Pet. 172; *Delevan* v. *Duncan,* 49 N. Y. 485, 488; *Jackson* v. *Edwards,* 22 Wend. 498; *Lloyd* v. *Collett,* 4 Brown's Ch. 469; *Benedict* v. *Lynch,* 1 Johns. Ch. 370, 374; *Page* v. *McDonnell,* 55 N. Y. 299.) This court will make no intendments contrary to the findings in order to support a judgment. (*Armstrong* v. *Dubois,* 90 N. Y. 95.) No other findings than those made by the referee will be presumed by this court. (*Oberlander* v. *Spiess,* 45 N. Y. 175; *Meyer* v. *Amidown,* Id. 169, 172; *Comstock* v. *Ames,* 3 Keyes, 357; *Armstrong* v. *Dubois,* 90 N. Y. 95; *Hays* v. *Miller,* 70 id. 112; *Valentine* v. *Conner,* 40 id. 248.) The plaintiff was not entitled to the judgment he obtained, because it is contrary to his allegations and the prayer for relief in his complaint. (*Truesdell* v. *Sarles,* 104 N. Y. 164; *Boyd* v. *Schlessinger,* 59 id. 301, 308.)

*I. Newton Williams* for respondent. A court of equity has the power to relieve a party from his forfeiture of a contract for the sale of land, and will where there has been no material change in value and the circumstances decree specific performance. (Willards Equity [Potter's ed.], 56; Story's Eq. § 742; 3 Pom. Eq. 446; *Mer. Bk.* v. *Thomson,* 55 N. Y. 12; *Hubbell* v. *Van Schoening,* 49 id. 331; *Finch* v. *Parker,* id. 11; *Voorhees* v. *De Meyer,* 2 Barb. 37, 38, 49; *Seaman* v. *Rensselaer,* 10 id. 82, 86; *Cythe* v. *La Fountain,* 51 id. 186, 193; *Edgerton* v. *Peckham,* 11 Paige, 363, 365; *Rose* v. *Rose,* Amb. 332; *Grunston* v. *Bruce,* 2 Vern. 594.) There is no certain rule as to what will constitute a stale equity. Each case must be judged and decided upon its surrounding

circumstances; what has been paid, what has been done by the purchaser, showing good faith, and any reasonable excuse for delay. (Story's Eq. §§ 742, 751; *Raynor* v. *Pearsall*, 3 Johns. Ch. 578, 586; *Atwater* v. *Fowler*, 1 Edw. 417; *Hubbell* v. *Van Schoening*, 49 N. Y. 331.) A delay of fourteen months was excused. (*Marquis of Hertford* v. *Boose*, 5 Ves. 719; *Glover* v. *Fisher*, 11 Ill. 666, 674, 677; *Voorhees* v. *De Meyer*, 2 Barb. 37, 38, 49.) The complaint seeks a construction of this contract; equity will entertain such an action. (*Fallon* v. *Lawler*, 102 N. Y. 228; *McKechnie* v. *Ward*, 58 id. 541.)

DANFORTH, J. The remedy of specific performance is discretionary, and to be given upon a consideration of all the circumstances before the court, and where neither hardship nor injustice result to the defeated party, a court of review will not interfere with a judgment which requires its enforcement. The defense against it in this case is, that time was of the essence of the contract; that the plaintiff was in default, and that, during the delay between that default and the bringing of this action, the property in question had so advanced in value that performance would now be detrimental to the defendant's interest by depriving him of the opportunity to make a fresh sale of the subject-matter of the contract at an advanced price. These objections cannot prevail. On the contrary, the very fact that the plaintiff has not strictly performed his part, and so is without remedy at law, is frequently a sufficient reason for the interposition of courts of equity, where relief is given, notwithstanding the lapse of time according to the actual merits of the case. (1 Story, Eq. Jur. § 776.) In that before us there is no express stipulation making prompt performance, or performance upon a day named, any part of the substance of the contract. The terms of the sale really require a different construction.

The first condition is explicit in requiring payment of the ten per cent of the purchase-money at a time fixed; the second provides for payment of the balance upon a subse-

quent day named, " when the deed will be ready for delivery,"
while the third condition at one and the same time relieves
the vendor from the necessity of sending notice to the pur-
chaser and provides a penalty for the purchaser's neglect to
call for the deed, by imposing " interest thereafter on the
whole amount of his purchase ; " the sixth anticipates the case
of actual non-compliance by providing for a resale at the
expense of the purchaser, and his liability for deficiency. In
none of the conditions is to be found any statement making
time the essence of the contract, and all that can be gathered
from them is the intention of the vendor that the transaction
should be completed within a reasonable time. Nor does the
notice given on the twelfth of February, have a different
effect. It treats the contract as then subsisting, says " the
balance still remains unpaid," and adds, " unless you complete
your purchase on or before the 26th of February, 1886," the
lots will be offered for sale.

There is nothing to show that either party abandoned the
contract or wished or intended to do so. They differed
merely as to the form of the mortgage, and, so far as appears,
that difference only prevented the completion of the sale.
Although wrong in his construction as to its proper force, the
plaintiff cannot be said to be wholly without excuse. He
never had the contract in his possession and seems to have
thought it quite unreasonable that he could have been required
to provide for insurance in a mortgage given upon vacant and
unimproved property. As there is nothing in the words of
the contract, so there is nothing in the nature of the case, nor
in the surrounding circumstances which makes it inequitable
for the court to interfere, for the intention of the purchaser
was at all times to take the property and pay the balance of
the price, and the wish of the vendor has at all times been to
sell. The property is still in his possession and the judgment
gives him full indemnity for the delay.

It should, we think, be affirmed, with costs.

All concur.

Judgment affirmed.