SHIPMAN *v.* CUMMINS.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

SPECIFIC PERFORMANCE—MISTAKE—REAL-ESTATE CONTRACT.

    Specific performance of a contract to sell real estate will be decreed where the purchaser's failure to perform on the day fixed was caused by a mistake in marking the date on his calendar of engagements, and where he appeared six days later ready to perform, and there was no rise in the value of the property in the mean time.

Appeal from special term, Kings county.

Action by Edward D. Shipman against Thomas J. Cummins. From a judgment of the special term in favor of plaintiff, decreeing specific performance of a contract for the conveyance of real estate, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and CULLEN, J.

*C. Fergueson, Jr.,* (*James C. Church,* of counsel,) for appellant. *Richards & Brown,* (*J. Tredwell Richards,* of counsel,) for respondent.

BARNARD, P. J. On the 23d of September, 1891, the defendant agreed to sell to the plaintiff a lot of land at South Bensonhurst, Kings county, known on map as "No. 289," for $260. Ten per cent. was paid down, and, by the agreement, the balance was to be paid on the 23d of October, 1891, at 26 Court street, Brooklyn. The plaintiff did not perform at the day. The defendant appeared at the time and place of performance, ready to execute the

contract. The plaintiff asks a specific performance of the contract, excusing himself for his failure to attend at the day for the reason that he made a mistake in marking the day on his calendar of engagements; that he marked, by mistake, the 29th day of October, 1891, as the day for performance; that on that day he attended, ready to take the deed and pay for the lot. The deed was refused by the defendant because of the failure to attend on the 23d of October, 1891. There was some dispute on the trial as to the fact whether the default was occasioned by the mistake alleged. The plaintiff testified that it was, and the defendant gave evidence tending to show that the plaintiff, on the 29th of October, 1891, when he appeared and asked the deed, stated that the reason for the default was that he (plaintiff) had been out of town on the 23d of October, 1891. The plaintiff, on the 10th of October, 1891, had written the defendant's attorney a letter, in which the true date for performance was mentioned. The letter was not signed by plaintiff, but by his typewriter. The defendant testified that the lot on the 29th was worth $700. The court has found that the default was occasioned by a mistake, and has refused to find that there was any rise in value between the 23d and 29th of October, 1891. The findings are supported by the evidence. There is positive evidence of the mistake, and there is no reason to expect any considerable rise in value in the six days. Under the facts as found, the case was made out; the judgment in favor of the plaintiff is supported by the authorities. *Day* v. *Hunt,* 112 N. Y. 191, 19 N. E. Rep. 414; *Bank* v. *Thomson,* 55 N. Y. 7. The judgment should therefore be affirmed, with costs.