J. CLARENCE DAVIES, Respondent, *v.* ELLEN COLLINS, Appellant, Impleaded with MARY SEIFERD.

*Action for specific performance — diligence of the purchaser — a conveyance by the vendor to a third party set aside.*

Where a vendee at an auction sale has been diligent and prompt in his efforts to complete it, and a third party has purchased the premises in question with notice of the rights of such vendee, no change of value or demand for immediate performance having occurred in the interval, time will not be held to be of the essence of the contract; the conveyance to the third party will be set aside and specific performance will be decreed in favor of the purchaser at the auction sale.

APPEAL by the defendant, Ellen Collins, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of September, 1897, upon the decision of the court rendered after a trial at the New York Special Term.

*William G. Mulligan,* for the appellant.

*Eugene A. Philbin,* for the respondent.

Judgment affirmed, for the reasons given by Mr. Justice Beach in his opinion below, with costs to respondent, except that the allowance should be reduced from fifty dollars to forty dollars.

Present — Van Brunt, P. J., Barrett, Rumsey, Patterson and O'Brien, JJ.

The following is the opinion of Mr. Justice Beach :

Beach, J. :

This action is brought for the specific performance of a contract for the sale of realty and to set aside the deed of the property by defendant Seiferd to the defendant Collins, alleged to have been given with knowledge of and in fraud of plaintiff's rights. The lot was bid in by the plaintiff at an advertised auction sale held on the premises May 30, 1896, where many other lots were so sold. The plaintiff paid the ten per cent, taking a receipt. By the terms of sale title was to be passed and papers delivered at the office of the attorney for the seller on July 6, 1896, between ten o'clock A. M. and three o'clock P. M. Prior to this date the plaintiff left for Europe, having provided money for the final payment, and constituted an agent to do all acts needful to the taking of title. The evidence shows an extension of the time to take title from July sixth to the seventh. On this date one Phillips, plaintiff's partner, attended, having a power of attorney from plaintiff and one from J. Charles Seligman, who, by arrangement, was to be the grantee, and give the required mortgage. The only difficulty arising at this time came from a demand made by the vendor's attorney for ten dollars, because of the necessity for redrawing the mortgage. This, Phillips stated he was not authorized to pay. It was concluded that the presence of Seligman was needful, and the closing was postponed until the following evening, when Seligman was to attend.

At that time one Menken, together with Seligman, called at the attorney's residence ready to complete the transaction, but from the action of the attorney and others were unable to do so. A like effort was made the following day, and on July tenth, when offer was made to close the transaction as of July sixth, the attorney then said the right was forfeited and that the lot had been reported to the owner

as unsold. The deed to defendant Collins is dated July 9, 1896, and was recorded the next day.

The proofs fully support the conclusion that, from July seventh to and including July tenth, the plaintiff's agent and attorneys were doing all possible to perform his part of the contract, and were diligent and prompt, and that the brief delay resulted from the acts of those representing the vendor, who does not appear at the trial. Time was not of the essence of the contract, and the time-honored principle that equity deems done what parties lawfully contract to do covers the case. No change in the value of the premises has been shown nor any demand or notice on the part of the vendor for immediate performance, which would debar the plaintiff from the relief sought. The plaintiff has been diligent in an assertion of his rights, and no claim of *laches* is advanced. (*Day* v. *Hunt*, 112 N. Y. 191.)

The conveyance to defendant Collins might, under some circumstances, prevent the grant of a decree for specific performance, she holding a deed of the premises. The evidence shows the Mulligans, husband and wife, to have been the active managers of the sale. The defendant Collins resided temporarily with them, was present at the sale, and on one occasion, when the plaintiff's representatives called to complete the purchase on the eighth of July, she seems chargeable with actual notice of the plaintiff's rights and insistence; and if not, certainly she had knowledge of facts sufficient to put her upon inquiry, and, therefore, constructive notice. The conclusion of her being an innocent and *bona fide* purchaser is not upheld by the proofs. The evidence rather shows that her taking of the deed was the result of collusion with the Mulligans in perfecting in that way a plan to deprive the plaintiff of his rights. The conveyance to her should be set aside. (*Parker* v. *Conner et al.*, 93 N. Y. 118.)

# Cases

## DETERMINED IN THE

# FOURTH DEPARTMENT

### IN THE

## APPELLATE DIVISION,

### February, 1898.

---

Mary J. Moulton and William W. Wright, Respondents, *v.* The Ætna Fire Insurance Company, Appellant.

*Fire insurance — a condition that the policy shall be void if the insured personal property "be or become incumbered by a chattel mortgage"— it is not violated by a chattel mortgage made by one member of a firm to another for advances made to the firm — a policy construed most strongly against the insurer.*

A chattel mortgage upon the personal property of a firm, executed by one partner to another to secure advances made to the firm, simply conveys any interest which the transferring partner may have in the surplus of the firm property after payment of the firm debts, and brings no stranger into the ownership of the firm property. Such a mortgage does not avoid an insurance policy previously issued upon the mortgaged property under a condition contained in the policy that it shall be void "if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage."

Forfeitures are not favored, and in order to uphold a policy of insurance it will be construed most strongly against the insurer.

Appeal by the defendant, The Ætna Fire Insurance Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Onondaga on the 3d day of December, 1896, upon the report of a referee, for $2,765.84 damages, besides costs.

Exceptions were filed to the referee's report.

On the 16th day of February, 1893, the defendant issued its policy of insurance, in consideration of $37.50, to the plaintiffs, insuring them for the term of one year from the 16th of February, 1893, against all direct loss or damage by fire in the amount of