### KELLER et al. v. LEE.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

DEEDS—COVENANTS—ASSUMPTION OF MORTGAGE—GRANTEE'S LIABILITY.

Where a contract for the sale of land contains a covenant by which the vendee assumes to pay a mortgage on the premises, which are subsequently conveyed to him by the vendor's deed, made subject to the mortgage, but containing no assumption clause, such covenant, if not merged in the deed, merely indemnifies the vendor for any deficiency arising on a sale under the mortgage; and if the vendor pays the mortgage debt, and causes the mortgage to be discharged of record, without first requiring the mortgagee to resort to the land, which is the primary fund for its payment, he cannot enforce the debt against his grantee.

Appeal from trial term, Erie county.

Action by Louisa M. Keller, as executrix of George Keller, deceased, and another, against George A. Lee. From a judgment for plaintiffs, defendant appeals. Reversed.

On the 21st day of August, 1890, the plaintiff Schmieding and one George Keller, since deceased, entered into a written contract with the defendant for the sale to him of certain premises in the city of Buffalo, consisting of 11 city lots, for the consideration, as expressed in the contract, of the sum of $4,774, which consideration the defendant agreed to pay partly in cash and certain personal property, and "by assuming a mortgage on which there is due the sum of $4,330; said mortgage being a lien on said eleven lots,"

and also upon certain other lots specified in the contract, the title to which was retained by Schmieding and Keller. Subsequently, and on the 26th day of the same month, Schmieding and Keller, together with their respective wives, united in a deed of the 11 lots referred to in the contract, and delivered the same to the defendant. This deed recited that the conveyance of the premises therein described was made subject to a certain mortgage on which there was due the sum of $4,330, but it contained no assumption clause. This mortgage was given to and owned by one Sussanna Maria Sondeman, and in March, 1895, when the same matured, there remained $1,080 unpaid thereon, and this sum Schmieding and Keller subsequently paid, at the same time taking a discharge of the mortgage, which was thereafter duly recorded; and it is to recover the amount thus paid, with interest thereon, that this action is brought.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

William C. Carroll, for appellant.
L. H. Jones, for respondents.

ADAMS, P. J. The complaint herein is founded upon the defendant's covenant to assume and pay the mortgage subject to which he purchased the premises in question, but the pleader has left it quite uncertain whether he relies upon the deed or the contract to establish his cause of action. Obviously, the deed, standing by itself, furnishes no such cause of action as is set forth in the complaint, and when this point was raised upon the trial it was contended that the contract furnished the plaintiff's cause of action; that the covenant therein expressed to assume the payment of the Sondeman mortgage was a collateral covenant, which was neither extinguished by nor merged in the deed given in fulfillment of the terms of the contract. It was apparently upon some such theory as this that the court directed a verdict for the plaintiffs, and whether or not a recovery thus obtained can be permitted to stand would present a question worthy of careful consideration, and one concerning which much might, perhaps, be said upon either side, were the case free from other and more serious difficulties. But even assuming that this action is brought upon the covenant in the contract, that the same was not merged in the deed, and that the plaintiffs are entirely correct in their assumption, we do not see how, upon the conceded facts of the case, the action can be maintained. The covenant relied upon is to assume and pay a certain mortgage covering the premises purchased by the defendant of Schmieding and Keller, and there is nothing in the covenant itself or in the circumstances surrounding its execution which takes it out of the rule applicable to cases of this character. This rule is that, where the grantee in a deed assumes and agrees to pay a mortgage subject to which the conveyance is made, the sole purpose of the covenant is to indemnify the grantor of the premises for any deficiency which may arise upon the sale of the mortgaged premises,—in other words, that the land is the primary fund for the payment of the mortgage debt, and that, as between the grantor and grantee, the liability of the latter is that of indemnitor or surety only. Coffin v. Lockhart, 60 Hun, 178, 14 N. Y. Supp. 719; Huntley v. Re Voir, 66 Hun, 291, 20 N. Y. Supp. 920;

Wilbur v. Warren, 104 N. Y. 192, 10 N. E. 263. As was said by Andrews, J., in the case last cited:

"If the deed, in addition, contains a covenant on the part of the grantee to pay the mortgage, the land still remains the primary fund for the payment of the mortgage. * * * This is in accordance with the real intent of the transaction. The essential purpose of such a covenant is to indemnify the mortgagor against the contingency that the land may not bring enough to pay the mortgage debt, and thereby leave him exposed to a claim for a deficiency. Halsey v. Reed, 9 Paige, 446. Although the covenant may be in the form of a direct undertaking to pay the mortgage debt, and not a mere covenant of indemnity, yet that is its essential character."

In disregard of this rule, the plaintiffs, as we have seen, not only paid the mortgage debt without first requiring the mortgagee to resort to the primary fund for its payment, but they also caused the mortgage to be discharged of record before it could be determined that there was any liability on the part of the defendant to pay the same or any portion thereof. Within the rule to which we have just adverted, it would clearly be inequitable to enforce the debt against the purchaser until the primary fund had been charged (Slauson v. Watkins, 86 N. Y. 597); and, although this is an action at law, we fail to see why it does not fall within the same principle. These views necessarily lead to a reversal of the judgment and order appealed from.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event. All concur.